UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES H. JOHNSON,

      Plaintiff,

v.                                  Case No. 08-14987

VGA GROUP, INC., JO ANN ADAMS,      HONORABLE AVERN COHN
DWAYNE OLMSTEAD, RONALD WHEELER,
and NATHAN LOVE,

      Defendants.

_____/

**MEMORANDUM AND ORDER GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND
DISMISSING CASE[1]**

I. Introduction

      This is an employment case under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA" or "Act"), 38 U.S.C. § 43101 et seq. Plaintiff Charles Johnson (Johnson), proceeding pro se and in forma pauperis, is suing his former employer, VGA Group, Inc. and several individuals, Joann Adams, Dwayne Olmstead, Ronald Wheeler and Nathan Love (collectively "VGA"), claiming his termination was in violation of USERRA. Johnson was employed for two months as a driver to transport veterans to the VA Hospital in Detroit. Johnson seeks an order compelling VGA to rehire him and award him back-pay with interest.

_____

      [1]The Court ordinarily would schedule this matter for hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

Before the court is VGA's motion for summary judgment and Johnson's cross motion for summary judgment.[2]  For the reasons that follow, VGA's motion will be granted and Johnson's motion will be denied.

## II.  Background

Prior to employment with VGA, Johnson served as a Traffic Management Specialist Supervisor in the United States Air Force at Fort Worth, Texas from July 1971 until October 1987.  He received an Honorable Discharge from the Air Force in 1987.

Johnson was hired by VGA after receiving information by word-of-mouth that VGA was seeking to fill vacant driver positions.  He was hired by VGA and employed as a driver from September 24, 2008 until November 2, 2008 when he was terminated due to poor job performance.

Johnson filed his complaint on December 12, 2008 claiming that VGA had discriminated against him under USERRA.  The Court held a status conference on February 10, 2009 at which time it stayed proceedings for 30-days to allow VGA to file a motion for summary judgment, which was filed on February 11, 2009.[3]  Thereafter, Johnson filed a cross motion for summary judgment.

## III.  Legal Standard

Summary judgment is appropriate when the evidence submitted shows that "there is no genuine issue of material fact and that the moving party is entitled to a

---

[2]Also before the Court are several motions filed by Johnson, as follows: (1) Motion for Mandamus; (2) Motion for the Appointment of Counsel; and (3) Motion to Prohibit Defendants from Delay/or in the Alternative Strike Unnamed Affirmative Defenses.

[3]Johnson filed a paper styled "Objection to Court Ordered 'Stay' and Motion to Apply Substantive Law."  Given that the stay has been lifted upon the filing of VGA's motion for summary judgment, Johnson objection and motion are MOOT.

judgment as a matter of law."  Fed. R. Civ. P. 56 (c).  VGA, as the party seeking summary judgment, has the initial burden to specify the basis upon which summary judgment should be granted and to identify portions of the record which demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The burden then shifts to Johnson, as the non-movant, to come forward with specific facts, supported by the evidence in the record, upon which a reasonable jury could find there to be a genuine fact issue for trial.  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  All facts and inferences should be viewed in the light most favorable to Mr. Johnson.  Adickes v S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). Additionally, pro se plaintiff's pleadings are held to a less stringent standard than lawyers.  Franklin v. Rose, 765 F.2d 82, 84 (6th Cir. 1985.)

IV.  Analysis

A.

The purpose of USERRA is:

> (1) to encourage noncareer service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment which can result from such service;

> (2) to minimize the disruption to the lives of persons performing service in the uniformed services as well as to their employers, their fellow employees, and their communities, by providing for the prompt reemployment of such persons upon their completion of such service; and

> (3) to prohibit discrimination against persons because of their service in the uniformed services.

38 U.S.C. § 4301(a).

A member of the uniformed services includes an individual in the "Armed Forces, the Army National Guard, and the Air National Guard when engaged in active duty for

3

training, inactive duty training, or full time National Guard Duty, the commissioned corps

of the Public Health Service, and any other category of persons designated by the

President in time of war or national emergency."  38 U.S.C. 4303 (16).

B.

Johnson says that VGA has discriminated against him by denying him a "right,"

"status" and "privilege" of employment based on his protected status given by his prior

military service.  Johnson appears to be claiming a violation of 38 U.S.C. § 4311, which

prohibits, in pertinent part, that "a person who is a member of ... a uniformed service

shall not be denied ... reemployment ... or any benefit of employment by an employer on

the basis of that membership ... [or] performance of service...." 38 U.S .C. § 4311(a)

(2002).  The Act defines benefit of employment as "any advantage, profit, privilege ...

that accrues by reason of an employment contract or agreement ... and includes ... the

opportunity to select work hours or location of employment."  38 U.S.C. § 4303(2).  If

Johnson is able to establish that his service in the United States' Air Force was a

"motivating factor" in VGA's determination to discharge him, VGA will be presumed to

have violated the Act.  38 U.S.C. § 4311(c).  VGA has the opportunity to rebut the

presumption of violation by showing that the action would have been taken regardless

of Johnson's service in the United States' Air Force.  Id.

Johnson cannot make out a claim for discrimination in violation of USERRA.  He

was not a member of the uniformed services at the time he applied for employment.

Rather, he is a former member of the uniform services, honorably discharged from the

Air Force in 1987.  There is no evidence that Johnson's prior membership in the United

States' Air Force 21 years before VGA hired him was a motivating factor in VGA's

4

decision to discharge him.  As such, he has not made out a discrimination claim under §4311.

Moreover, to the extent that Johnson is claiming that VGA violated his rights by not reemploying him under 38 U.S.C. § 4312, his claim also fails.  Section 4312 provides in pertinent part as follows:

(a)     Subject to subsections (b), (c), and (d) and to section 4304, any person whose absence from a position of employment is necessitated by reason of service in the uniformed services shall be entitled to the reemployment rights and benefits and other employment benefits of this chapter if-

(1)     the person (or an appropriate officer of the uniformed service in which such service is performed) has given advance written or verbal notice of such service to such person's employer;

(2)     the cumulative length of the absence and of all previous absences from a position of employment with that employer by reason of service in the uniformed services does not exceed five years; and
except as provided in subsection (f), the person reports to, or submits an application for reemployment to, such employer in accordance with the provisions of subsection (e) ....

This section creates a limited entitlement to reemployment for certain qualifying service members.  This entitlement applies only to service members who must leave their employment because of service obligations and seek reemployment upon their return.  Section 4312 does not apply to Johnson because he is not a returning service member as called out for in the statute.  Rather, he is a former service member who was discharged over 21 years ago.  He therefore has not made out a claim under section 4312.

Contrary to Johnson's argument, there is nothing in USERRA which suggests that its protections apply indefinitely such as to afford him job security based on his prior military service.

5

C.

Johnson also says that VGA failed to provide him with priority services under state law.  M.C.L. § 35.401 provides: "[i]n every public department and upon the public works of the state and of every county and municipal corporation of this state, an honorably discharged veteran, as defined by 1965 P.A. § 190, M.C.L. § 35.61 to § 35.62, shall be preferred for appointment and employment."

The statute does not apply because Johnson was not employed or seeking employment by the state, a county, or a municipality; he was employed by VGA Group, Inc., a corporation that provided transportation services.  As such, he has not made out a claim against VGA for failure to provide priority services under state law.

V.  Conclusion

For the reasons stated above, VGA's motion for summary judgment is GRANTED.  Johnson's motion for summary judgment is DENIED.  In light of this disposition, Johnson's pending motions, see n. 2, supra, are DENIED AS MOOT.

This case is DISMISSED.

SO ORDERED.


Dated:  March 19, 2009          s/Avern Cohn_____
                                AVERN COHN
                                UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to Charles Johnson, 1410 Washington Blvd., Apt 905, Detroit, MI 48226 the attorneys of record on this date, March 19, 2009, by electronic and/or ordinary mail.

                                s/Julie Owens_____
                                Case Manager, (313) 234-5160

6