UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES H. JOHNSON,

    Plaintiff,

v.                                                          Case No. 08-14987

VGA GROUP, INC., JO ANN ADAMS,             HON. AVERN COHN
DWAYNE OLMSTEAD, RONALD WHEELER,
and NATHAN LOVE,

    Defendants.

_____/

**ORDER DENYING PLAINTIFF'S RULE 60(B) MOTION**

I.

This was an employment case under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA" or "Act"), 38 U.S.C. § 43101 et seq. In 2008, plaintiff Charles Johnson, proceeding pro se and in forma pauperis, sued his former employer, VGA Group, Inc. and several individuals (collectively "VGA"), claiming his termination was in violation of USERRA. Johnson was employed for two months as a driver to transport veterans to the VA Hospital in Detroit. Johnson sought an order compelling VGA to rehire him and award him back-pay with interest.

On March 19, 2009, the Court granted VGA's motion for summary judgment and dismissed the case. Doc. 44. Plaintiff did not appeal.

On December 2, 2011, plaintiff filed the instant motion under rule 60(b), essentially seeking to reverse the dismissal of his case. For the reasons that follow, the motion is DENIED.

II.

Fed. R. Civ. P. 60(b) provides in relevant part:

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

A motion under Rule 60(b) must be filed within a reasonable time and for reasons under subsections (1), (2) and (3), "no more than one year after entry of the judgment or order or the date of the proceedings." Fed. R. Civ. P. 60(c).

III.

Plaintiff has not satisfied this standard for Rule 60(b) relief. As an initial matter, plaintiff filed this motion more than two (2) years after his case was dismissed. That is not a reasonable time and plaintiff offers no explanation for the delay. Thus, the motion may be denied on these grounds.

Regarding the substance of the motion, as best as can be gleaned from his papers, he asserts that a Sixth Circuit decision, <u>Petty v. Metropolitan Govt. of Nashville-Davidson County</u>, 538 F.3d 431 (6th Cir. 2008), which was issued <u>before</u> his case was dismissed, entitles him to relief. Plaintiff is mistaken. As explained in the summary judgment order, plaintiff cannot make out a claim for discrimination in violation of USERRA because he was not a member of the uniformed services at the time he applied for employment. Rather, he is a former member of the uniform services,

honorably discharged from the Air Force in 1987.  There was no evidence that Johnson's prior membership in the United States' Air Force 21 years before VGA hired him was a motivating factor in VGA's decision to discharge him.  Moreover, the decision in Perry, which pertained to a serviceman's claim seeking reinstatement to his prior employment after completing his military service, simply does not apply to plaintiff's case.[1]

SO ORDERED.


Dated:  December 30, 2011

 S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to Charles H. Johnson, 1410 Washington Blvd., Apt. 905, Detroit, MI 48226 and  the attorneys of record on this date, December 30, 2011, by electronic and/or ordinary mail.

 S/Julie Owens
Case Manager, (313) 234-5160

---

[1] Plaintiff also appears to argue that he can bring a discrimination claim under Michigan's Elliot Larsen civil rights act and a claim under 42 U.S.C. § 1981.  Plaintiff did not allege either of these claims in his complaint and there are no grounds to allow him to assert new claims at this time.